UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND


ALBERT L. GRAY, Administrator, et al.,     :
                              Plaintiffs,  :
                                           :
               vs.                         :      CA 04-312L
                                           :
JEFFREY DERDERIAN, et al.,                 :
                              Defendants.  :



ESTATE OF JUDE B. HENAULT, et al.,         :
                              Plaintiffs,  :
                                           :
               vs.                         :      CA 03-483L
                                           :
AMERICAN FOAM CORPORATION, et al.,         :
                              Defendants.  :


**DECISION AND ORDER
RE PLAINTIFFS' AMENDED RESPONSES REGARDING
DISCOVERY TO RESPOND TO THE MOTIONS FOR SUMMARY JUDGMENT
OF DEFENDANTS LEGGETT & PLATT, INC., AND GENERAL FOAM CORP.**

Before the Court are four motions:

1.  Gray Plaintiffs' Amended Response, Pursuant to the Notice and Orders of this Court of February 8, 2007[,] and September 28, 2007, to the Motion for Summary Judgment of Defendant Leggett & Platt Incorporated (Gray Doc. #1698) ("Amended Response Re Leggett & Platt");[1]

---

[1] The Amended Response Re Leggett & Platt (Gray Doc. #1698) has been joined and adopted by all Plaintiffs in: Passa, et al. v. Derderian, et al., CA 03-148L, Kingsley, et al. v. Derderian, et al., CA 03-208L, and Paskowski, et al. v. Derderian, et al., CA 05-002L, see Plaintiffs'[1] Amended Response, Pursuant to the Notice and Orders of This Court of February 8, 2007[,] & September 28, 2007, to the Motion for Summary Judgment of Defendant, Leggett & Platt Incorporated (Gray Doc. #1713); and Gonsalves v. Derderian, et al., CA 06-076L, see Plaintiff, Neil Gonsalves, as Administrator of the Estate of Michael

    2.  Henault Plaintiffs'[2] Amended Response, Pursuant to the Notice and Orders of This Court of February 8, 2007[,] and September 28, 2007, to the Motion for Summary Judgment of Defendant Leggett & Platt Incorporated (<u>Henault</u> Doc. #965);

    3.  Gray Plaintiffs' Amended Response, Pursuant to the Notice and Orders of This Court of February 8, 2007[,] & September 28, 2007, to the Motion for Summary Judgment of Defendant General Foam Corporation (<u>Gray</u> Doc. #1700) ("Amended Response Re General Foam");[3] and

    4.  Henault Plaintiffs'[4] Amended Response, Pursuant to the Notice and Orders of This Court of February 8, 2007[,] and

---

Gonsalves', Notice of Adoption of the Amended Response, Pursuant to the Notice and Orders of This Court of February 8, 2007[,] & September 28, 2007, to the Motion for Summary Judgment of Defendant, Leggett & Platt Incorporated (<u>Gray</u> Doc. #1740).

  [2] The Henault Plaintiffs are all Plaintiffs represented by counsel in <u>Henault, et al. v. American Foam Corporation, et al.</u>, CA 03-483L, <u>Kolasa v. American Foam Corporation, et al.</u>, CA 05-070L, <u>Malagrino v. American Foam Corporation, et al.</u>, CA 06-002L, and <u>Long v. American Foam Corporation, et al.</u>, CA 06-047L.

  [3] The Amended Response Re General Foam (<u>Gray</u> Doc. #1700) has been joined and adopted by all Plaintiffs in: <u>Passa, et al. v. Derderian, et al.</u>, CA 03-148L, <u>Kingsley, et al. v. Derderian, et al.</u>, CA 03-208L, and <u>Paskowski, et al. v. Derderian, et al.</u>, CA 05-002L, <u>see</u> Plaintiffs'[1] Amended Response, Pursuant to the Notice and Orders of This Court of February 8, 2007[,] & September 28, 2007, to the Motion for Summary Judgment of Defendant, General Foam Corporation (<u>Gray</u> Doc. #1707); <u>Gonsalves v. Derderian, et al.</u>, CA 06-076L, <u>see</u> Plaintiff, Neil Gonsalves, as Administrator of the Estate of Michael Gonsalves', Notice of Adoption of the Amended Response, Pursuant to the Notice and Orders of This Court of February 8, 2007[,] & September 28, 2007, to the Motion for Summary Judgment of Defendant, General Foam Corporation (<u>Gray</u> Doc. #1739); and <u>Guindon, et al. v. American Foam, et al.</u>, CA 03-335L, <u>Roderiques, et al. v. American Foam, et al.</u>, CA 04-026L, and <u>Sweet, et al. v. American Foam, et al.</u>, CA 04-056L, <u>see</u> Plaintiffs'[1] Adoption of Gray Plaintiffs' Amended Response Pursuant to the Notice and Orders of This Court of February 8, 2007[,] & September 28, 2007, to the Motion for Summary Judgment of Defendant General Foam Corporation (<u>Gray</u> Doc. #1704).

  [4] <u>See</u> n.2.

September 28, 2007, to the Motion for Summary Judgment of the
Defendant General Foam Corporation[1] (Henault Doc. #964).

The Court refers to the Amended Response Re Leggett & Platt
and the Amended Response Re General Foam as the "Amended
Responses."  The four motions are referred to collectively as the
"Motions."

### Relevant Travel

On February 8, 2007, this litigation entered the summary
judgment stage.  See Notice and Order (Gray Doc. #1141) (Henault
Doc. #621).  On that date Senior Judge Ronald R. Lagueux issued a
Notice and Order, activating paragraphs 3 and 4 of the Interim
Scheduling Order (Gray Doc. #318) (Henault Doc. #198).  See
Notice and Order at 1.  Defendants were authorized to file
"Initial Summary Judgment Motions," id. ¶ 3, and such motions
were to be filed no later than sixty days after the Court's
decision on the last pending responsive motion, see id.  Within
thirty days after the filing of an Initial Summary Judgment
Motion, Plaintiffs were to identify, pursuant to Fed. R. Civ. P.
56(e) and (f), the material facts they believed to be at issue
and the discovery requested to object to that specific motion.
See id. ¶ 4.

On April 9, 2007, Defendants Leggett & Platt Incorporated
("Leggett & Platt") and L&P Financial Services ("L&P Financial")
both filed Initial Summary Judgment Motions.  See Defendant[1] L&P
Financial Services Co.'s Motion for Summary Judgment (Gray Doc.
#1196) (Henault Doc. #670) ("L&P Financial Motion for Summary
Judgment"); Defendant[1] Leggett & Platt Incorporated's Motion for
Summary Judgment (Gray Doc. #1241) (Henault Doc. #705) ("Leggett
& Platt Motion for Summary Judgment").  On that same date
Defendants General Foam Corporation, GFC Foam, LLC, PMC, Inc.,
and PMC Global, Inc. ("General Foam"), filed their Initial Motion
for Summary Judgment.  See Defendants[1] Rule 56(b) Motion for

3

Summary Judgment (Gray Doc. #1231) (Henault Doc. #691) ("General Foam Motion for Summary Judgment"). The Court hereafter refers collective to Leggett & Platt, L&P Financial, and General Foam as "Defendants" and to the Initial Summary Judgment Motions filed by them as the "Motions for Summary Judgment."

The Gray Plaintiffs filed their responses to the Motions for Summary Judgment on June 13, 2007.[5] See Gray Plaintiffs' Initial Response, Pursuant to the Notice and Order of This Court of February 8, 2007, to the Motion for Summary Judgment of Defendant L&P Financial Services Co. (Gray Doc. #1360) ("Initial Response Re L&P Financial Services"); Gray Plaintiffs' Initial Response, Pursuant to the Notice and Order of This Court of February 8, 2007, to the Motion for Summary Judgment of Defendant Leggett & Platt Incorporated (Gray Doc. #1361) ("Initial Response Re Leggett & Platt"); Gray Plaintiffs' Initial Response, Pursuant to the Notice and Order of This Court of February 8, 2007, to the Motion for Summary Judgment of Defendant General Foam Corporation[1] (Gray Doc. #1363) ("Initial Response Re General Foam"). The Court refers to these responses collectively as the "Initial Responses."

Defendants filed objections to the Initial Responses. See Defendants Leggett & Platt Incorporated and L&P Financial Services Co.'s Objection to Gray Plaintiffs'[1] Initial Response to Its Motion for Summary Judgment (Gray Doc. #1531) (Henault Doc. #864); Defendants'[1] Objections to Plaintiffs'[1] Initial Response to the Motion for Summary Judgment of Defendant General Foam Corporation (Gray Doc. #1527) (Henault Doc. #860). The Court conducted a hearing on the Initial Responses on September 12, 2007. Following that the hearing, the Court took the Initial

---

[5] Plaintiffs had been granted an extension of time to June 13, 2007, to file their initial responses to the motions for summary judgment. See Docket (text order entered on 4/24/07).

Responses under advisement.

In written decisions issued on September 28, 2007, the Court found that the Initial Responses failed to comply with the Interim Scheduling Order and directed the Gray Plaintiffs to file amended responses.  See Order Re Plaintiffs' Discovery Requests to Respond to Motions for Summary Judgment of L&P Financial Services Co. and Leggett & Platt, Inc. (Gray Doc. #1648) (Henault Doc. #941) ("Order of 9/28/07 Re Leggett & Platt"), at 10-11; Order Re Plaintiffs' Discovery Requests to Respond to the Motion for Summary Judgment of General Foam Corporation (Gray Doc. #1650) (Henault Doc. #942) ("Order of 9/28/07 Re General Foam") at 5, 7.  The Court refers collectively to these orders as the "Orders of 9/28/07."

The Gray Plaintiffs ("Plaintiffs")[6] filed their Amended Responses on October 29, 2007.  See Docket.  On November 8, 2007, the Court issued a notice and order, stating that any party who wished to object to the Amended Responses must do so by November 19, 2007.  See Notice and Order Re Amended Discovery Requests (Gray Doc. #1717) (Henault Doc. #967).  Two objections were filed: Defendants Leggett & Platt Incorporated and L&P Financial Services Co.'s Objection to Gray Plaintiffs' Amended Response to Its Motion for Summary Judgment (Gray Doc. #1728) (Henault Doc. #972) ("Leggett & Platt Objection") and Defendants'[] Objections to Plaintiffs'[] Amended Response to the Motion for Summary Judgment of Defendant General Foam Corporation (Gray Doc. #1727) (Henault Doc. #971) ("General Foam Objection").  A hearing on the Amended Responses was held on November 28, 2007.  Thereafter, the Court took the matters under advisement.

## Discussion

The Amended Responses are almost identical in the discovery

---

[6] Hereinafter the term "Plaintiffs" refers to the Gray Plaintiffs and the other Plaintiffs who have adopted the Amended Responses.

which they seek.[7]  Therefore, the Court discusses them jointly
and does not differentiate between them except where necessary.

## I.  Adequacy of Amended Responses

To the extent that Leggett & Platt and General Foam
("Defendants") seek to have the Amended Responses stricken on the
grounds that they fail to comply with the Interim Scheduling
Order and the Court's Orders of 9/28/07 and to have Defendants'
Motions for Summary Judgment considered upon the present record,
see Leggett & Platt Objection at 3,[8] Defendants' request is
denied.  It is clear that Plaintiffs have made a great effort to
comply with the Notice and Order of February 8, 2007 (Gray Doc.
#1141) (Henault Doc. #621), and the Orders of 9/28/07 as
evidenced by the sixty page plus length of their Amended

_____

[7] There are minor differences between the Amended Response Re
Leggett & Platt and the Amended Response Re General Foam.  For
example, Plaintiffs seek to depose two individuals, Brian E. French
and Gary Wahrmund, in connection with Leggett & Platt's motion for
summary judgment, but not in connection with General Foam's motion for
summary judgment.  Compare Amended Response Re Leggett & Platt at 16-
17, 37-38 with Amended Response Re General Foam at 16, 36-37.
Similarly, Plaintiffs seek to depose two individuals, Donald J.
Hoffman and Margaret Hebner Christensen, in connection with General
Foam's motion for summary judgment, but not in connection with Leggett
& Platt's motion for summary judgment.  Id.  These minor differences
do not affect the Court's resolution of the disputed areas of
discovery.

[8] At the November 28, 2007, hearing on the Amended Responses,
counsel for Leggett and Platt and General Foam stated that they each
adopted the other's arguments.  See Tape of 11/28/07 Hearing.  The
Court treats this adoption as including the arguments stated in the
memoranda which they filed in opposition to the Amended Responses.
See Defendants'[] Objections to Plaintiffs'[] Amended Response to the
Motion for Summary Judgment of Defendant General Foam Corporation
(Gray Doc. #1727) (Henault Doc. #971) ("General Foam Objection");
Defendants Leggett & Platt Incorporated and L&P Financial Services
Co.'s Objection to Gray Plaintiffs' Amended Response to Its Motion for
Summary Judgment (Gray Doc. #1728)(Henault Doc. #972) ("Leggett &
Platt Objection").  Thus, the Court herein will at times attribute an
argument to "Defendants" even though the source cited for that
argument is only one Defendant's memorandum.

Responses.[9]  The Court is satisfied that the Amended Responses
comply with the prior orders at least sufficiently so as to
warrant consideration of the discovery requested by Plaintiffs.

Defendants argue that many of the "material facts" set forth
by Plaintiffs are not truly facts, but legal conclusions to be
decided by the Court.  See Leggett & Platt Objection at 5 (citing
Plaintiffs' identification as key material facts "[w]hether L&P's
'foam' underwent 'subsequent alteration or modification,' as that
phrase is defined by R.I.G.L. §9-1-32[,]" and "[w]hether the
presence of L&P's 'foam' on the walls and ceiling of the Station
nightclub on February 20, 2003[,] constituted an unintended,
unforeseeable & illegal misuse of L&P's product." (quoting
Amended Response Re Leggett & Platt at 21)(initial alterations in
original)).  While Defendants may be technically correct,
Plaintiffs have linked the discovery requested in connection with
these "material facts" to a ground for summary judgment.  This
linkage permits the Court to make the connection which it was
unable to do with Plaintiffs' Initial Responses.  See Order of
9/28/07 Re Leggett & Platt at 8 (finding Plaintiffs' Initial
Response problematic because, inter alia, "Plaintiffs do not
clearly connect their 'material facts at issue' to either a
ground for summary judgment which L&P has advanced or to a fact
which L&P has stated is undisputed"); id. at 10 (drawing
unfavorable comparison between Plaintiffs' initial responses to
Defendants' Motions for Summary Judgment and Plaintiffs' other
initial responses by observing that "[e]ven in instances where
Plaintiffs did not explicitly connect the particular discovery
request to a ground for summary judgment or a particular
undisputed fact, the Court was able to make that connection

---

[9] Counsel for the Gray Plaintiffs stated at the hearing that
Plaintiffs had expended more than 100 hours preparing the Amended
Responses.  See Tape of 11/28/07 Hearing.

7

without expending inordinate amounts of time").

The Court also denies Defendants' alternative request that Plaintiffs be required to identify which of the undisputed facts advanced by Defendants in support of the Motions for Summary Judgment Plaintiffs dispute. See Leggett & Platt Objection at 6. The directive in the Orders of 9/28/07 was purposefully phrased in the alternative. Plaintiffs were required to identify each material fact which they believe to be at issue as a result of Defendants' Motions for Summary Judgment and to "link such fact to either: a) a particular ground for summary judgment[1] or b) a paragraph of the SUMF.[10]" Order of 9/28/07 Re Leggett & Platt at 11; Order of 9/28/07 Re General Foam at 7 (italics added). Plaintiffs were not required to state whether they agreed or disagreed with each undisputed fact asserted by Defendants. The Court declines to impose this requirement upon Plaintiffs before they have had an opportunity to conduct discovery which may enable them to confirm or verify the accuracy of Defendants' undisputed facts.

## II. Limitation of Issues

Plaintiffs seek to conduct the discovery set forth in their Amended Responses. See Amended Responses at 2. As alternative relief, Plaintiffs move to limit discovery to the issue of product identification. See id. Plaintiffs contend that product identification is the only issue presented in Defendants' Motions for Summary Judgment that is not inextricably interwoven with issues of foreseeability. See id. Therefore, according to Plaintiffs, the only efficient way to limit discovery during this initial summary judgment phase is to limit summary judgment discovery to the issue of product identification. See id.

Defendants object to such a limitation, stating that it

---

[10] "SUMF" refers to each Defendant's statement of undisputed material facts.

8

ignores the Court's stated intent to avoid multiple depositions of the same person or company.  <u>See</u> General Foam Objection at 3. Defendants also state that Plaintiffs cannot unilaterally limit them to one of their grounds for summary judgment in an attempt to create a tactical advantage.  <u>See</u> <u>id.</u>

The Court has reluctantly come to the conclusion that it may not be possible to achieve the goal that each deponent be deposed only once during this stage of the litigation.  <u>See</u> Memorandum of Decision Finalizing Discovery Procedures Re Pending Motions for Summary Judgment (<u>Gray</u> Doc. #1722) (<u>Henault</u> Doc. #969) ("Memorandum of 11/14/07") at 8.  Nevertheless, the Court still wishes to minimize as much as possible the need for a party or witness to be deposed more than once.  The alternative relief requested by Plaintiffs would have the opposite effect.  It would tend to increase both the number of persons and/or entities subject to multiple depositions and also the number of depositions to which such persons and/or entities would be subjected.  Accordingly, the Court denies Plaintiffs' alternative request that discovery be limited at this stage solely to the issue of product identification.

## III.  Discovery Requested

### A.  Product Identification[11]

---

[11] Defendants point out that many of the discovery topics and witnesses whom Plaintiffs wish to depose are repeated under the heading of more than one defense.  <u>See</u> General Foam Objection at 5. While this is true, the Court finds it expedient to address Plaintiffs' discovery requests following the organizational structure of the Amended Responses.  To the extent that the requests overlap, the Court sees no prejudice to Defendants.  As explained hereafter, the determinative inquiry is whether the discovery Plaintiffs seek is relevant and necessary to respond to any of the grounds for summary judgment advanced by Defendants.  Thus, the Court declines to spend time parsing individual discovery requests under particular headings so long as the discovery sought is relevant and necessary for Plaintiffs to respond to at least one of the summary grounds advanced by Defendants.

The discovery which Plaintiffs wish to conduct relative to the issue of product identification is set forth in bold type at pages 5-19 of the Amended Response Re Leggett and Platt and pages 5-18 of the Amended Responses Re General Foam.  As the requested discovery is readily ascertainable by referring to those documents, it neither necessary nor desirable to repeat the requests here.

The Court finds that Plaintiffs have adequately explained and justified their need for the discovery they seek regarding product identification.  While Defendants contend that much of the discovery which Plaintiffs seek is an attempt "to avoid the consequences of their own expert's report ...," General Foam Objection at 6, the issue of product identification is crucial, and Plaintiffs have offered plausible explanations why the discovery they seek is relevant to that issue, <u>see</u> Amended Response Re Leggett & Platt at 5-19; Amended Response Re General Foam at 5-18.  In addition, Defendants at times overstate what Plaintiffs are seeking and, at least by implication, the burden the requested discovery will impose on them.  For example, Leggett & Platt describes Plaintiffs' request 1.c.ii. as improper, <u>see</u> Leggett & Platt Objection at 9, because it allegedly relates to information that is not within the custody and control of Leggett & Platt, <u>see</u> <u>id.</u> at 10.  Yet, the request is qualified by words "if L&P is aware of that comparison testing."  Amended Response Re Leggett & Platt at 8.  If Defendants have knowledge of such testing, they must disclose it. If they do not, they (or their Rule 30(b)(6) witness(es)) may so state.

Similarly, Leggett & Platt's complaint that the scope of

Plaintiffs' questioning of Messrs. Wahrmund and French[12] is unclear because Plaintiffs have failed to specify what topics are "reasonably related to [their] testimony," Leggett & Platt Objection at 11, strikes the Court as demanding an excessive amount of detail.  The Court finds the descriptive phrase "reasonably related to" sufficient and declines to require further specificity regarding the discovery Plaintiffs seek from Messrs. Wahrmund and French.  Parenthetically, the Court notes that the Amended Responses are each sixty or more pages in length and that it is uncertain how Plaintiffs could be any more specific in this area then they have already been.

With regard to Defendants' specific objection that request (e) on page of 9 of the Amended Response Re Leggett & Platt[13] is unlimited in time, <u>see</u> Leggett & Platt Objection at 9, the Court will limit the time period as to this particular request to January 1, 1999, through June 27, 2000.  Apart from these limitations, Plaintiffs' request for discovery pertaining to the issue of product identification is granted.

**B.  Alleged Misuse, Alteration and Modification**

Plaintiffs identify in bold type the discovery which they wish to conduct relative to these grounds for summary judgment at pages 22-30 of the Amended Response Re Leggett & Platt and pages 21-29 of the Amended Response Re General Foam.  The grounds are based on R.I. Gen. Laws § 9-1-32, which immunizes a product

---

[12] Gary Wahrmund and Brian E. French have executed affidavits which have been filed in support of the Leggett & Platt Motion for Summary Judgment.  <u>See</u> Defendant Leggett & Platt Incorporated's Statement of Undisputed Material Facts in Support of Its Motion for Summary Judgment, Exhibit ("Ex.") F (French Affidavit); <u>id.</u>, Ex. J (Wahrmund Affidavit).

[13] Request (e) on page of 9 of the Amended Response Re Leggett & Platt seeks Rule 30(b)(6) testimony regarding "the warnings, directions, instructions and labeling accompanying and/or applicable to L&P's 'foam'."  Amended Response Re Leggett & Platt at 9.

manufacturer from liability where a substantial cause of the
plaintiff's injury is the subsequent alteration or modification
of the product.  See General Foam Objection at 9-10; see also
LaPlante v. American Honda Motor Co., 27 F.3d 731, 737 (1st Cir.
1994)(interpreting statute).  Defendants argue that:

> Under the statute, a subsequent alteration or
> modification is one "which altered, modified, or changed
> the purpose, use, function, design or manner of use of
> the product from that originally designed, tested or
> intended by the manufacturer."  R.I. Gen. Laws § 9-1-
> 32(a)(2).  The statute does *not* say that the subsequent
> alteration or modification must be "unforeseeable" to the
> manufacturer – it need only be unintended.

General Foam Objection at 10.

Defendants complain that, notwithstanding the above stated
principle, Plaintiffs "frame their first 'key issue of material
fact' under this defense as 'whether the presence of
[Defendant]'s 'foam' on the walls and ceiling of the Station
nightclub on February 20, 2003[,] constituted an unintended,
unforeseeable & illegal misuse of [Defendant]'s product."  Id.
Defendants further complain that Plaintiffs quote from the
portions of GFC's summary judgment motion that address the
defenses of bulk supplier and superceding/intervening cause,
implying that assertions pertinent to those defenses are also
pertinent to the subsequent alteration defense.  Id.  Defendants
dispute such implication.  See id.

The Court's reaction to these complaints is twofold.  First,
the Court agrees with Plaintiffs that Defendants' allegations
concerning misuse, alteration, and modification are interwoven
into nearly every other ground for summary judgment advanced by
Defendants except product identification.  See Amended Response
Re Leggett & Platt at 19-21; Amended Response Re General Foam at
19-20.  This interweaving makes it difficult for Plaintiffs to
compartmentalize their discovery requests in the manner in which

12

Defendants apparently advocate.  Second, the critical inquiry
relative to the instant discovery requests is whether they are
relevant to some argument for summary judgment which Defendants
have advanced.  The particular heading in the Amended Responses
under which Plaintiffs may have listed certain discovery requests
is of secondary concern and is not determinative of the Court's
finding relative to the need for that discovery.  Thus, when
Defendants "contend[] that the presence of foam on the walls and
ceiling of The Station was certainly an unforeseeable and illegal
misuse of foam, but den[y] that either unforeseeability or
illegality is a necessary element *of this defense*," General Foam
Objection at 10 n.22 (italics added), they are implicitly
acknowledging the relevance of unforeseeability or illegal use to
at least one of their other defenses.[14]  Indeed, Defendants
specifically assert that "[t]he negligent and criminal actions of
American Foam, the Derderians, the fire inspectors, and Great
White were not foreseeable to GFC," Amended Response Re General
Foam at 20 (quoting Memorandum in Support of Defendants'[1] Rule
56(b) Motion for Summary Judgment at 37), and that "GFC had no
reason to anticipate that the knowledgeable and experienced
packaging fabricator would convert the foam to an obviously
unsafe use," id. (quoting General Foam Motion for Summary
Judgment at 39).[15]

─────────────────

[14] To the extent that Defendants may contend that unforeseeability
or illegality are not necessary elements of particular summary
judgment defenses, the Court also finds it inherently unfair to allow
Defendants to color the factual setting in which those defenses are
considered while denying Plaintiffs the opportunity to challenge the
accuracy of that setting.

[15] Leggett & Platt makes similar assertions in its motion for
summary judgment.  See Defendant Leggett & Platt Incorporated's
Memorandum in Support of Its Motion for Summary Judgment at 15 ("the
harm alleged was unforeseeable to L&P ..."); id. at 16 ("the bulk foam
sold by L&P was not defective or unreasonably dangerous at the time it
left L&P's control, nor was it put to an intended or even a

Allowing Plaintiffs the discovery which they seek relative to the issues of foreseeability and illegality does not prejudice Defendants' ability to argue that those issue are not relevant to the defenses they assert under R.I. Gen. Laws § 9-1-32. Defendants remain free to argue that unforeseeability is not an element of the subsequent alteration/modification defense and that it has no relevance to this particular defense.  See General Foam objection at 11.  To avoid any possible confusion in this regard, the Court states that in granting Plaintiffs the discovery which they seek under this heading the Court is not suggesting that Defendants' argument relative to what elements are necessary for their defense based on R.I. Gen Laws § 9-1-32 is invalid.

The Court now turns to the specific discovery which Plaintiffs request regarding the issues of alleged misuse, alteration and modification.  Subject to the following limitations and exceptions, the requested discovery is granted. With regard to requests B.1.e. and B.1.g., see Amended Response Re Leggett & Platt at 22-23; Amended Response Re General Foam at 21-23, the time period is reduced to the five (5) years prior to June 27, 2000.  With regard to requests B.1.h. through B.1.k., see Amended Response Re Leggett & Platt at 23; Amended Response Re General Foam at 23, Defendants' Rule 30(b)(6) witnesses are not required to undertake historical research to respond to these inquiries but may answer based on the knowledge they currently

---

foreseeable use"); id. at 28 ("Numerous additional intervening acts occurred after AFC's sale of its fabricated foam packaging sheets to the Derderians, many of which were **criminal**, and all of which were necessary for this tragedy to occur."); id. at 31 ("The superceding and intervening acts of others, such as AFC, the Derderians, the West Warwick Fire department, and the band, eliminate the possibility that L&P could have foreseen that such an injury would occur as a result of merely selling bulk polyurethane foam to a sophisticated foam fabricator.").

have or which can be readily obtained by a review of their own files.[16]

## C.  Alleged Lack of Duty

The discovery which Plaintiffs wish to conduct relative to this ground for summary judgment is set forth in bold type at pages 31-32 of the Amended Responses.  Plaintiffs frame the key issue of material fact relative to the defense of alleged lack of duty as: "Whether it was or should have been foreseeable to [Leggett and Platt or General Foam] that if it did not manufacture and market its 'foam' appropriately, injury to the public could occur."  Amended Responses at 31.  Defendants charge that framing the issue in this manner is so broad that it encompasses an open-ended spectrum of discovery.  See General Foam Objection at 11.  In their view, the relevant inquiry based on the case law cited by Plaintiffs, Banks v. Bowen's Landing Corp., 522 A.2d 1222, 1225 (R.I. 1987), is "the foreseeability of harm to the *plaintiff* -- not to the world at large."  Id.

The Court considers Defendants' objection to be somewhat a matter of semantics.  If the Court substitutes the word "plaintiffs" for the word "public" in Plaintiffs' formulation of the key material fact, it does not appreciably change the scope of the discovery to which Plaintiffs are entitled given the circumstances of this case which involves hundreds of plaintiffs. Subject to the limitations already stated regarding the historical uses and/or applications of foam and fires involving foam, see Discussion section III.B. supra at 14-15, the Court is satisfied that Plaintiffs have adequately explained and justified their need for the discovery they seek regarding the alleged lack

---

[16] Defendants need not review every file they have ever created in order to respond to requests B.1.h. through B.1.k.  It is sufficient if they review files which are not in storage and which address subjects such as safety and/or potential hazards associated with the use of foam (or similar subjects).

of duty.  Accordingly, subject to those limitations,[17] the
requested discovery is granted.

####    D.  **Alleged Failure to Warn**

Plaintiffs identify the discovery that they wish to take
relative to this issue in bold type at pages 34-40 of the Amended
Response Re Leggett & Platt and pages 33-39 of the Amended
Response Re General Foam.  Defendants incorporate by reference
their objections to the discovery Plaintiffs seek with respect to
lack of duty to the extent that these discovery requests
encompass discovery sought under the heading lack of duty.  See
General Foam Objection at 14.  As to these objections, the Court
makes the same ruling previously made.[18]  Defendants additionally
object to the Rule 30(b)(6) topic, the "[f]oreseeable uses and
applications of 'foam'."  Id. (quoting Amended Responses at 34).
Defendants contend that the uses of foam are so varied and
numerous "that this topic alone could consume the six months
allotted for discovery by the Court."  Id.  This statement is
another example of Defendants overstating or exaggerating the
difficulty presented by Plaintiffs' discovery request.
Plaintiffs are seeking to question a Rule 30(b)(6) witness about
this topic.  Given that the questioning will be subject to time
constraints, Defendants' fears appear to be overblown.

Defendants also object to discovery concerning: a) testing
done by and/or on behalf of Defendants that is associated with

---

[17] The limitations affect Plaintiffs' requests B.1.a. through
B.1.d. on pages 31-32 of the Amended Response Re Leggett & Platt and
page 31 of the Amended Response Re General Foam.

[18] To the extent that Defendants have voiced objections which the
Court has not specifically addressed in this Order, such objections
are denied without discussion.

their MSDS[19] and/or any warnings that Defendants have issued; and
b) testing done by and/or on behalf of Defendants concerning the
dangers related to, and/or the potential use and application of,
foam.  See General Foam Objection at 14.  Plaintiffs, however,
are not required to accept Defendants' implicit contention that
the warnings and MSDSs which they issued regarding their foam
were accurate and/or adequate.  Accordingly, Defendants'
objections to discovery concerning such warnings and MSDSs are
overruled.

Defendants further object to alowing Plaintiffs to obtain
discovery from the person(s) who developed, approved, and/or
signed Defendants' MSDSs.  See id.  However, the Court has
already determined that this discovery should be permitted in
connection with the issue of product identification.  See Amended
Responses at 13.  Accordingly, it is unnecessary to address it
again here.

Subject to the same limitations already stated regarding
historical uses and/or applications of foam and fires involving
foam, see Discussion section III.B. supra at 14-15, Plaintiffs'
requests for discovery relative to the issue of failure to warn
are granted.

## E.  Alleged Bulk Supplier

The discovery which Plaintiffs seek with regard to this
ground for summary judgment is set forth in bold type at pages
41-45 of the Amended Response Re Leggett & Platt and pages 40-44
of the Amended Response Re General Foam.  To the extent that
Defendants seek to require Plaintiffs to provide "a more tailored
description," General Foam Objection at 16, of the discovery

---

[19] Although Plaintiffs identified MSDS as "Material Data Safety
Sheet," Amended Response Re Leggett & Platt at 12; Amended Response Re
General Foam at 11, it appears this was an inadvertent transposition
and that the correct title is "Material Safety Data Sheet," see
General Foam Objection at 14.

Plaintiffs seek regarding "[w]hether 'foam' is a product component," id., or greater specificity regarding the topic of "[w]hether foam is defective," id., such objections are overruled.  As already noted, Plaintiffs' Amended Responses exceed sixty pages in length.  See Discussion section III.A. supra at 10.  Any potential benefit which might be obtained by requiring greater specificity must be weighed against the delay which such a requirement would undoubtedly cause.  Here the Court has no difficulty concluding that it is more important to commence the discovery process than to spend further time attempting to delineate in microscopic detail the boundaries of every possible avenue of inquiry.

With regard to Plaintiffs' request to question Defendants' Rule 30(b)(6) witnesses regarding the dangers of foam as manufactured, including but not limited to flammability, failure analysis, and flame spread characteristics, see Amended Response Re Leggett & Platt at 41; Amended Response Re General Foam at 40, Plaintiffs may question the witnesses regarding the three identified sub-topics (flammability, failure analysis, and flame spread characteristics).  However, the Rule 30(b)(6) witnesses are not required to do any research or otherwise to educate themselves regarding failure analysis and/or flame spread characteristics.  Subject to this limitation, Plaintiffs' request for discovery relative to the issue of alleged bulk supplier is granted.

**F.  Product Stewardship**

The discovery which Plaintiffs seek with regard to the issue of product stewardship is set forth in bold type at pages 47-49 of the Amended Response Re Leggett & Platt and pages 46-48 of the Amended Response Re General Foam.  Defendants argue that Rhode Island courts have never recognized the principle of "product stewardship."  General Foam Objection at 17; see also Leggett &

18

Platt Objection at 11.  They contend that "[t]he only issue presented is the legal question of whether such a duty exists." Leggett & Platt Objection at 11.

On the face of matters, it is difficult to take issue with this contention.  Yet, the Court is troubled by the fact that Defendants are arguing, in effect, that Plaintiffs should not be permitted to conduct discovery to support a principle which has not been explicitly rejected by the Rhode Island Supreme Court and which, at least theoretically, could be recognized.  It may well turn out that any claim based on product stewardship is, as Defendants contend, unsustainable under Rhode Island law.  <u>See</u> General Foam Objection at 17.  However, the Court concludes that Plaintiffs should not be denied the opportunity to gather facts which will enable them to make the strongest possible case that "a duty to conduct product stewardship," Amended Responses at 47, should exist and that it should be recognized in this case.

In reaching this conclusion, the Court is also influenced by the fact that some of the discovery sought in connection with product stewardship is also sought under other headings which the Court has already granted.  <u>Compare, e.g.</u>, Amended Response Re Leggett & Platt at 49 <u>with id.</u> at 35-36; <u>compare, e.g.</u>, Amended Response General Foam at 48 <u>with id.</u> at 35.  Indeed, this circumstance highlights the fact that to some extent Defendants' objections seem to be based more on the heading or label which Plaintiffs have attached to the discovery than to the actual discovery requested.

Accordingly, Plaintiffs' request for discovery regarding the principle of product stewardship is granted.  To the extent that Defendants' Rule 30(b)(6) witnesses are unfamiliar with or do not understand the principle or concept of product stewardship, they are free to so respond.  They are not required to research or educate themselves regarding it.

19

### G.  Proximate Cause

The discovery which Plaintiffs seek with regard to proximate cause is set forth in bold type at pages 51-61 of the Amended Response Re Leggett & Platt and pages 50-59 of the Amended Response Re General Foam.  As Defendants note, Plaintiffs' requests for discovery in connection with probable cause are in large measure repeats of discovery requests under previous headings.  See General Foam Objection at 17.  Defendants incorporate by reference their objections to Plaintiffs' requests pertaining to "historical uses" of foam and "fires involving the use of 'foam' in places of public [assembly] and for acoustical reasons."  Id.  The Court similarly incorporates by reference its prior rulings regarding those requests.  See Discussion section III.B. supra at 14-15.

With regard to Plaintiffs' request for a Rule 30(b)(6) deposition of Defendants concerning: i) what Denis Larocque knew about foam; ii) how he had been trained in relation to detecting the presence of foam that posed a danger to public health and safety; iii) the training, in general, received by Larocque and state fire inspectors, and iv) what state and local fire inspectors such as Mr. Larocque knew about foam, its dangers, uses, and applications, see Amended Response Re Leggett & Platt at 60; Amended Response Re General Foam at 58, the Court was initially inclined to sustain Defendants' objection to these inquiries on the basis that it is improper to seek deposition testimony from a Rule 30(b)(6) witness concerning the practices and knowledge of other entities, see Leggett & Platt Objection at 10 (citing Banks v. Office of Senate Sergeant-At-Arms, 241 F.R.D. 370, 375 (D.D.C. 2007)).  However, upon further consideration the Court reflected on the possibility that prior to the fire Defendants may have had some contact with Mr. Larocque and/or other state or local fire inspectors.  While such possibility

seems extremely remote, the Court is hesitant to preclude Plaintiffs from conducting discovery in such circumstances. Senior Judge Lagueux has indicated that he wishes a "full record so that we know all the facts that are possibly relevant to the issue raised by the summary judgment motion." Amended Response Re Leggett & Platt, Exhibit ("Ex.") 5 (Transcript of 9/25/07 hearing before Senior Judge Lagueux (Doc. #1569)). Accordingly, the Court concludes that this request should be granted.

If Defendants had no contact with Mr. Larocque and/or any state or local fire inspectors prior to the fire, their Rule 30(b)(6) witnesses may simply state this. In other words, if Defendants have no specific knowledge regarding the four topics (i-iv identified above), their Rule 30(b)(6) witnesses may so respond. They are not required to undertake an investigation or otherwise educate themselves in order to be able to respond to questions concerning these four topics.

With regard to Plaintiffs' request to depose Mr. Larocque, the Court had previously noted that "the material fact at issue which requires that Plaintiffs depose Larocque regarding proximate cause is unclear." Order of 9/28/07 Re Leggett & Platt at 7 n.10. The Court is satisfied that Plaintiffs have now at least provided some explanation of their need to depose Mr. Larocque.[20] See Amended Response Re Leggett & Platt at 60-61; Amended Response Re General Foam at 58-59. Accordingly, Plaintiffs' discovery requests with regard to the issue of proximate cause are granted subject to the limitations previously stated.

## H. Warranties

The discovery which Plaintiffs seek with regard to warranties is set forth in bold type at pages 61-62 of the

---

[20] See n.14.

Amended Response Re Leggett & Platt and page 60 of the Amended Response Re General Foam.  Plaintiffs' request is granted.

## IV.  Summary

In summary, the Amended Responses comply with the Initial Scheduling Order and the Orders of 9/28/07 sufficiently to warrant consideration of the discovery requested.  Accordingly, Defendants' request that the Amended Responses be stricken and that the Motions for Summary Judgment be considered upon the present record is denied.  Defendants' alternative request that Plaintiffs be required to identify which of the undisputed facts advanced by Defendants they dispute is also denied.

Subject to the limitations listed below, the discovery sought by Plaintiffs in the Amended Responses is granted.

1.  The time period for request B.1.e. on page 9 of the Amended Response Re Leggett & Platt (page 8 of the Amended Response Re General Foam) is limited to January 1, 1999, through and including June 27, 2000.

2.  The time period for requests B.1.e. and B.1.g. on pages 22-23 of the Amended Response Re Leggett & Platt (page 22 of the Amended Response Re General Foam) is limited to the five years preceding June 27, 2000.

3.  In responding to requests:

a)  B.1.h. through B.1.k. on page 23 of the Amended Response Re Leggett & Platt (page 22 of the Amended Response Re General Foam);

b)  B.1.a. through B.1.d. on pages 31-32 of the Amended Response Re Leggett & Platt (page 31 of the Amended Response Re General Foam); and

c)  B.1.a. through B.1.d. on page 34 of the Amended Response Re Leggett & Platt (page 33-34 of the Amended Response Re General Foam),

Defendants' Rule 30(b)(6) witnesses are not required to undertake

historical research but may answer based on the knowledge they currently have or which can be readily obtained by a review of their own files.

4.  In responding to requests B.1.e. ii. and B.1.e. iii. on page 41 of the Amended Response Re Leggett & Platt (page 40 of the Amended Response Re General Foam), Defendants' Rule 30(b)(6) witnesses are not required to do any research or otherwise educate themselves regarding failure analysis and/or flame spread characteristics.

5.  To the extent that Defendants' Rule 30(b)(6) witnesses are unfamiliar with or do not understand the principle or concept of product stewardship, they may so respond.  They are not required to educate themselves regarding this topic.

6.  In responding to request B.9.b. on page 60 of the Amended Response Re Leggett & Platt (page 58 of the Amended Response Re General Foam), to the extent that Defendants' Rule 30(b)(6) witnesses have no specific knowledge regarding the four topics i. through iv., they may so state.  They are not required to undertake an investigation or otherwise educate themselves regarding these topics.

Plaintiffs' alternative request that discovery be limited to the issue of product identification is denied.

## Conclusion

Subject to the limitations set forth herein, the discovery requested by Plaintiffs in the Amended Response Re Leggett & Platt and the Amended Response Re General Foam is granted.

So ordered.

ENTER:


/s/ David L. Martin
David L. Martin
United States Magistrate Judge
December 28, 2007