UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND


ALBERT L. GRAY, Administrator, et al.,
    Plaintiffs,

v.                                              C.A. No. 04-312L

JEFFREY DERDERIAN, et al.,
    Defendants.


ESTATE OF JUDE B. HENAULT, et al.,
    Plaintiffs,

v.                                              C.A. No. 03-483L

AMERICAN FOAM CORPORATION, et al.,
    Defendants.


<u>MEMORANDUM AND ORDER</u>


Re: REPORT AND RECOMMENDATION - HOWARD JULIAN AND THE INSURANCE INSPECTION DEFENDANTS' MOTIONS TO APPROVE SETTLEMENTS, DATED AUGUST 14, 2009


Ronald R. Lagueux, Senior United States District Judge.

    The Report and Recommendation issued by Magistrate Judge David L. Martin, dated August 14, 2009, is hereby accepted and adopted in its entirety, pursuant to 28 U.S.C. § 636(b)(1). The Report and Recommendation ("R & R") concerns the proposed settlements of defendants Howard Julian, and a defendant-group

identified as the "Insurance Inspection Defendants," which includes: 1) Anchor Solutions Co., Inc.; 2) Essex Insurance Company; 3) V.B. Gifford & Company, Inc.; 4) Gresham & Associates of R.I., Inc.; 5) Gresham & Associates of Rhode Island, Inc.; 6) Multi-State Inspections, Inc.; 7) High Caliber Inspections, Inc.; 8) Underwriters at Lloyds, London; and 9) Surplex Underwriters Inc.

The listed Defendants each seek an order finding that the settlement that each has reached with the Plaintiffs represents "a judicially approved good-faith settlement," as required by Rhode Island Gen. Laws §§ 10-6-7 and 10-6-8. No objections were filed to these motions, and, consequently, no hearing has taken place. However, Magistrate Judge Martin has undertaken an extensive analysis of the legal issues posed by these motions, considering the appropriate standard for evaluating good faith, as well as the proper allocation of the burden of proof. In addition, Magistrate Judge Martin has thoroughly reviewed and detailed the settlement negotiations and settlement figures, and has found that each settlement represents "a non-collusive agreement which has been negotiated, bargained for, and agreed to at arm's length and in good faith." The combined total of the settlements is $265,500.00.

Following the issuance of the R & R, the parties had ten days to file objections, pursuant to Fed. R. Civ. P. 72(b). No